**Earl Lee SULLIVAN, Plaintiff–Appellant**

v.

**R. KASAJARU, Dr.; Ruth Ingram, Health Care Unit Manager; J. Nzums, R.N. Nursing Supervisor; George Primastaller, Chief Medical Officer, Defendants–Appellees.**

No. 07–2220.

United States Court of Appeals, Sixth Circuit.

March 13, 2009.

Before: SILER, COOK, and MCKEAGUE, Circuit Judges.

COOK, Circuit Judge.

In this § 1983 case, pro se appellant Earl Sullivan alleges that Michigan Department of Corrections ("MDOC") medical officials and Dr. Radhika Kosaraju[1] (collectively, the "Defendants") acted with deliberate indifference toward his serious medical needs. Specifically, Sullivan claims that the Defendants denied him medication after he filed a grievance narrating blood-pressure problems and difficulty urinating. But because Sullivan failed to name the Defendants in his earlier grievance, the Defendants filed a motion to dismiss, arguing that Sullivan failed to exhaust his administrative remedies as required under then-binding Sixth Circuit law. *See, e.g., Burton v. Jones,* 321 F.3d 569, 575 (6th Cir.2003). The district court later denied the motion, citing an intervening Supreme Court case, *Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), which rejected Sixth Circuit case law interpreting the Prison Litigation Reform Act as requiring a prisoner to identify "in the first step of the grievance process, each individual later named in the lawsuit to properly exhaust administrative

remedies." *Id.* at 205, 127 S.Ct. 910 (citing *Burton,* 321 F.3d at 575). Notably, at the time the *Jones* prisoners filed their grievances, MDOC policy required *only* that they "be as specific as possible," and *not* that they "identify a particular responsible party." *Id.* at 218, 127 S.Ct. 910.

The Defendants moved for reconsideration, arguing that when Sullivan filed his grievance, MDOC policy explicitly required him to name each person against whom he grieved. *See* Policy Directive No. 03.02.130 (effective April 28, 2003). Citing the Supreme Court's ruling in *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), which held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, 126 S.Ct. 2378, the district court dismissed the case. *See also Jones,* 549 U.S. at 218, 127 S.Ct. 910 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). We agree and thus affirm.

---

1. Dr. Kosaraju's name is misspelled in the official case caption.